UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DYLAN MILES,

                      Plaintiff,

            -against-

NEW YORK PRESBYTERIAN HOSPITAL, et al.,

                   Defendants.

22-CV-3161 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction, 28 U.S.C. § 1331. Plaintiff asserts a claim under Title VII of the Civil Rights Act (Title VII), 42 U.S.C. §§ 2000e to 2000e-17, against New York Presbyterian Hospital,  where she received medical treatment, and four individuals affiliated with the hospital. By order dated May 2, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the complaint.

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff Dylan Miles alleges the following facts.[1] In 2021, Plaintiff began receiving treatment at New York Presbyterian Hospital for "numerous chronic pain conditions." (ECF 1 at 2.) Plaintiff continued receiving treatment in 2022. Dr. Asad Sidddiqi prescribed Tramadol for Plaintiff for approximately eight months. On an unspecified date, when Plaintiff was at the hospital to receive an epidural from Dr. Mike Mizrahi, Dr. Siddiqi's front desk employee informed Plaintiff that she would need to find a new pain management doctor. Plaintiff was also told that she could "choose from a list of four medications that Dr. Mizrahi had on file," but Plaintiff refused to do so without an in-person visit with Dr. Mizrahi or his diagnosis. (*Id.* at 2-3.)

At some point, Plaintiff told Dr. Mizrahi that the medication he had prescribed was ineffective, and Dr. Mizrahi proposed other medications. Plaintiff sent a message to Dr. Mizrahi through the New York Presbyterian Hospital app, stating that her insurance would not cover the alternative medications that he had proposed and therefore she could not afford to buy them. Dr. Mizrahi "stated he couldn't help" Plaintiff. (*Id.* at 3.) Plaintiff complained to Magali Lopez, who appears to be a patient services coordinator, though this is not entirely clear from the allegations of the complaint. Lopez "kicked [Plaintiff] out of the practice." (*Id.*)

---

[1] Plaintiff is "transitioning into a woman," and states that she is "asking people to use pronouns that match her gender identity." (ECF 2 at 3.) The Court therefore refers to Plaintiff as she, though Plaintiff refers to herself in the complaint using both male and female pronouns.

Plaintiff then "found a new doctor," Dr. Daniel Jung Pak. Plaintiff had a zoom conference with Dr. Pak, who said he "was going to prescribe Naloxone" for Plaintiff, but Dr. Pak never did so. Plaintiff sought to have "disciplinary action" taken against Dr. Pak. (*Id.*)

Plaintiff "is in the process of transitioning into a woman," and she alleges that Doctors Siddiqi, Mizrahi, and Pak each either called her names (*e.g.*, "tranny fagot"), asked Plaintiff why Plaintiff "dressed like a girl," or "passively ma[de] fun of [Plaintiff's] condition and elongate[ed] [her] suffering." (*Id.*.) She further alleges that the doctors attempted to "buil[d] a case to prevent [her] from obtaining medication." (*Id.*) The doctors had a "scheme to make [Plaintiff] suffer with . . . chronic pain." (*Id.* at 6.)

Plaintiff brings this suit against New York Presbyterian Hospital, Magali Lopez, and Doctors Siddiqi, Mizrahi, and Pak, asserting eight causes of action arising under state law. Plaintiff also invokes Title VII as a basis for this action.[2]

## DISCUSSION

### A.      Title VII of the Civil Rights Act

Title VII provides that "[i]t shall be an unlawful employment practice for an employer … to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). This antidiscrimination statute prohibits employers from mistreating an employee because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or

---

[2] Plaintiff has pending employment discrimination actions against other entities under Title VII. *See Miles v. Sedona Soul Adventures*, ECF 1:22-CV-1438, 1 (S.D.N.Y.); *Miles v. Wall Street Trading Inc.*, 1:22-CV-01944, 1 (S.D.N.Y.). She also has a pending action in which she invokes the Court's diversity jurisdiction. *Miles v. Planet Fitness*, 1:22-cv-01943, 1 (S.D.N.Y.).

retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions).

Plaintiff invokes Title VII as the sole basis for federal question jurisdiction and makes allegations of discriminatory treatment based on sex. *See Bostock v. Clayton County, Georgia*, 140 S. Ct. 1731 (2020) (Title VII prohibits employers from discriminating against individuals who identify as transgender). Plaintiff does not allege, however, that she had an employment relationship with Defendant New York Presbyterian Hospital or any individual defendant, or that she was discriminated against "with respect to . . . compensation, terms, conditions, or privileges of employment." § 2000e-2(a). In sum, because the allegedly discriminatory conduct did not relate to Plaintiff's employment, Plaintiff fails to state a Title VII claim on which relief can be granted and her sole federal claim must therefore be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

## B.    State Law Claims

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Having dismissed Plaintiff's Title VII claim, which was the sole federal claim of which the Court had original jurisdiction, the Court declines to exercise its supplemental jurisdiction of Plaintiff's claims under state law. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'")

(quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)). Nothing in this order prevents Plaintiff from pursuing these state law claims in state court.

**C.      Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). No defendant named in the complaint was Plaintiff's employer. Because it does not appear that Plaintiff had an existing or potential employment relationship with any defendant, it would be futile for Plaintiff to replead Title VII claims of employment discrimination. It is also not apparent that any other federal statute applies to these facts.

In an abundance of caution, in case Plaintiff can plead some other federal claim against one or more defendants arising from the alleged discrimination, and wishes to do so rather than pursuing her state law claims in state court, the Court will hold this matter open on the docket for 30 days to allow Plaintiff to file an amended complaint.[3]

## CONCLUSION

Plaintiff's claim under Title VII of the Civil Rights Act is dismissed for failure to state a claim on which relief can be granted. The Court declines, under 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction of Plaintiff's state law claims.

The Court directs the Clerk of Court not to enter judgment and to hold this matter open on the docket for 30 days to allow Plaintiff to file an amended complaint. If Plaintiff chooses to file an amended complaint, it must be submitted to this Court's Pro Se Intake Unit within 30

---

[3] It appears that all parties are citizens of New York and that Plaintiff therefore cannot invoke the Court's diversity jurisdiction, 28 U.S.C. § 1332.

days of the date of this order, be captioned as an "Amended Complaint," and be labeled with the

docket number 22-CV-3161 (LTS). An Amended Complaint form is attached to this order. No

summons will issue at this time.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 16, 2022
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
  ☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
              (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                         (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                              State              Zip Code

_____

Telephone Number                         Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                   Zip Code

Defendant 2:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                   Zip Code

Defendant 3:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                   Zip Code

Defendant 4:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                 Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

   If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.